THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| PAUL PERKINS, Individually and on behalf of the class of all other persons similarly situated, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 3:05-CV-100 (CDL) |
| AMERICAN NATIONAL INSURANCE COMPANY, a foreign corporation, | * | |
| Defendant. | * | |

**ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING THE CLASS SETTLEMENT, APPOINTING CLASS COUNSEL, DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS, ENJOINING PROSECUTION OF RELEASED CLAIMS, AND SCHEDULING A FAIRNESS HEARING**

This application having been brought before the Court by Plaintiff Paul Perkins and having been agreed to by Defendant American National Insurance Company ("ANICO"); and,

Plaintiff having filed a class action complaint against ANICO alleging, *inter alia*, the failure to refund unearned premiums on credit life and credit disability insurance policies issued in connection with retail installment loans (the "Action"); and,

The parties having entered in a Settlement Agreement, dated May 4, 2007, as revised and filed on May 15, 2007, in which the parties have agreed to settle the Action pursuant to the terms of the Settlement Agreement, subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement, which, if approved, will result in the dismissal of the claims asserted by plaintiffs with prejudice and a release of ANICO; and,

As a condition of the Settlement, Paul Perkins, on behalf of himself individually and on behalf of each of the Class Members has agreed to release all claims arising under federal, state or common law as specified in the Release; and,

The Court having reviewed the Settlement Agreement, including the exhibits attached hereto and all prior proceedings herein, and good cause appearing on the record;

It is, on this 16th day of May, 2007, ORDERED, ADJUDGED AND DECREED as follows (all capitalized terms being defined as they are defined in the Settlement Agreement unless otherwise specified or defined herein):

**1. Stay of the Action**

All discovery and other pretrial proceedings in the Action are hereby stayed and suspended until further order of the Court.

**2. Preliminary Class Certification for Settlement Purposes**

The Action is preliminarily certified as a class action for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). The Court preliminarily finds that (a) the Settlement Class certified herein numbers more than one-thousand persons, and that joinder of all such persons would be impracticable, (b) there are issues of law and fact that are common to the class, and that those issues predominate over individual questions, (c) a class action on behalf of the certified class is superior to other available means of adjudicating this dispute, and (d) as set forth in paragraph 5 below, Plaintiff's claims are typical of the class and he and Settlement Class Counsel are adequate representatives of the class. ANICO retains all rights to assert that this Action may not be certified as a class action, except for settlement purposes only.

**3. Settlement Class Definition.**

The Settlement Class shall consist of all persons who purchased single premium credit life and/or credit disability insurance issued by ANICO in the United States whose policies (a) were in effect and entered into ANICO's LOGIC system[1] at any time between October 7, 1999, and the date that the Court enters an Order Preliminarily Approving the Class Action Settlement of this Action ("Preliminary Approval Order"); **and** (b) whose insured indebtedness was extinguished prior to its scheduled termination while the insurance was in effect; **and** (c) who have not received a refund of any unearned premium. Excluded from the Class are those persons who received a refund of unearned premium: (1) in the ordinary course of ANICO's business; **or** (2) pursuant to the final executed Assurance of Voluntary Compliance ("AVC") with the Attorney General of the State of Texas and attached to the Settlement Agreement as **Exhibit A.** In this paragraph, "ordinary course of ANICO's business" shall permit ANICO to send a refund of unearned credit life or credit disability insurance premium to any insured who independently requests ANICO to refund unearned premium or as to whom ANICO receives information other than through the process described below in paragraphs 23 through 33 that establishes that a refund of unearned premium is due to be issued. Specifically, ANICO agrees not to use any of the information it gathers in preparing the List of Prospective Class Members as a basis to pay any potential Class Member a refund of any unearned credit insurance premium until so required by the terms of this Settlement Agreement. In other words, ANICO will not take advantage of the process outlined in this Settlement Agreement to issue refunds except

[1] When used herein, or in any document related to this Action, "entered into ANICO'S LOGIC system" shall refer to that computer processing system used by ANICO to administer credit life and credit disability insurance policies as sold by all its various producers. ANICO expressly represents and warrants that every credit life and credit disability insurance policy sold by its various producers are in fact entered into the LOGIC system.

pursuant to the terms of this Settlement Agreement, as doing so would diminish the size of the Class included in this Settlement Agreement. In this paragraph, "pursuant to the final executed Assurance of Voluntary Compliance ("AVC") with the Attorney General of the State of Texas," shall mean that the following insureds residing in the State of Texas shall be excluded from the Class as a result of this clause: (a) those insureds who purchased insurance in the State of Texas, previously identified on those lists prepared by the Attorney General of the State of Texas in connection with **Exhibit A** to the Settlement Agreement as those Texas motor vehicle purchasers who are due a refund of unearned premiums for the years from 2002 through 2006; and, (b) those residents of Texas who were insured by ANICO credit life or credit disability insurance during the years 2002 through 2006, who will receive "claim forms" in the mail pursuant to **Exhibit A**, and who then respond to the first class mail notice contemplated by **Exhibit A** by sending in the "claim forms" described therein, and who thereafter are paid unearned premium refunds by ANICO pursuant to the terms of **Exhibit A** as a result of submitting valid claim forms.

**4. Relief to the Class**

If the Class Certification and Settlement is given final approval by this Court after a Fairness Hearing, the Class will be entitled to the following relief pursuant to the Settlement Agreement:

a. Gross Amount Due each Settlement Class Member

If the Settlement is given final approval by this Court, the amount of money to be paid each Settlement Class Member who (1) is within the group described in Paragraph 3 of this Order; (2) was identified by the procedure set forth in Paragraph 7 of this Order; and, (3) did not opt-out pursuant to Paragraph 12 of this Order shall constitute 125% of the refund due as

computed in accordance with the terms of each Settlement Class Member's policy and the minimum refund procedures enacted by the statute or regulations governing calculation of premium refunds applicable for each state of issuance.

b. Prospective Relief

ANICO shall institute the Prospective Relief set forth in Paragraph 49 of the Settlement Agreement.

**5. Class Representative and Class Counsel**

Paul Perkins is designated as the representative of the conditionally certified Class. The Court preliminarily finds that this individual is similarly situated to absent Class Members and therefore typical of the Class, and will be an adequate class representative.

James E. Butler, Jr. and Ben B. Philips, whom the Court preliminarily finds are experienced and adequate counsel, shall together be Class Counsel for the Settlement Class.

**6. Appointment of Settlement Administrator**

Rust Consulting, Inc., of Minneapolis. Minnesota is appointed Settlement Administrator and is charged with monitoring the parties performance under the Settlement Agreement and this Preliminary Approval Order, including, but not limited to, supervising and accrediting all actions required by ANICO by the Settlement Agreement and this Preliminary Approval Order. ANICO will pay all reasonable fees and expenses incurred by the Settlement Administrator.

**7. Identification of Settlement Class Members and Notice Procedures**

The Settlement Class Members shall be identified by the procedures specified in Paragraphs 23-33 of the Settlement Agreement. At least 45 days prior to the Fairness Hearing

scheduled pursuant to Paragraph 10 below, ANICO shall provide written notice, in the form attached as **Exhibit F** to the Settlement Agreement, to the Class Members of their rights to object or opt out of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e).

**8. Preliminary Settlement Approval**

The Court finds, upon preliminary review, that the Settlement Agreement and the settlement that it incorporates appear to be fair, reasonable and adequate. The Class Members who are (1) within the group described in Paragraph 3 of this Order; (2) were identified by the procedure set forth in Paragraph 7 of this Order; and, (3) did not opt-out pursuant to Paragraph 12 of this Order are eligible for relief in the form of cash payment of 125% of the Unearned Premiums paid to Defendant, less any attorney's fees. Moreover, the settlement also provides for certain prospective relief. The Court finds that the Settlement Agreement falls within the range of possible approval. Accordingly, the Settlement Agreement is preliminarily approved, subject to a further determination to be made after the Fairness Hearing, and is sufficient to warrant the identification and notice procedures set forth in Paragraph 7 of this Preliminary Approval Order.

**9. Jurisdiction**

This Court has subject-matter jurisdiction over this Action pursuant to 28 U.S.C. §1332(d)(2) and personal jurisdiction over the parties before it. The administration and consummation of the settlement as embodied in this Settlement Agreement shall be under the authority of this Court and this Court shall retain jurisdiction for the purpose of entering orders providing for awards of Attorneys' Fees and Expenses to Class Counsel and fees to the Class Representative and enforcing the terms of this Settlement Agreement, including the terms related to Prospective Relief.

**10. Fairness Hearing**

A Fairness Hearing shall be held on Monday, May 19, 2008, beginning at 9:00 a.m. at the United States District Court for the Middle District of Georgia, 120 - 12th Street, Suite 216, Columbus, Georgia, before Judge Clay D. Land, to determine, among other things: (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3); (b) whether the settlement of the Action should be approved as fair, reasonable, and adequate and finally approved pursuant to Federal Rule of Civil Procedure 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) whether Class Members should be bound by the release set forth in the Settlement Agreement; (e) whether Class Members and related persons should be subject to a permanent injunction; (f) whether the application of Class Counsel for an award of attorneys' fees and expenses should be approved; and (g) whether the application of the representative plaintiff for an incentive award should be approved. The submissions of the Parties in support of the settlement shall be filed with the Court at least seven days prior to the Fairness Hearing and may be supplemented up to two days prior to the Fairness Hearing.

**11. Findings Concerning Notice**

The Court finds that the notice procedures set forth in Paragraph 7 of this Preliminary Approval Order: (a) constitutes the best practicable notice; (b) is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of this Action; the terms of the proposed settlement, and their rights under the proposed settlement, including, but not limited to, their right to object or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) is reasonable and constitutes due, adequate and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meets

all applicable requirements of law, including but not limited to, Federal Rule of Civil Procedure 23(c) and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

**12. Exclusion from Class**

Any Class Member who wishes to exclude himself or herself from the Class must submit a timely written request for exclusion containing the information set forth in the Class Notice, postmarked no later than 15 days prior to the Fairness Hearing date, to the Settlement Administrator, in care of the address provided in the Class Notice. If the proposed settlement is approved, any Class Member who has not submitted a timely, written request for exclusion from the Class shall be bound by all subsequent proceedings, order and judgments in this Action, even if the Class Member previously initiated or subsequently initiates against any or all of the Released Parties any litigation or other proceeding encompassed by the Release set forth in the Settlement Agreement. Persons who exclude themselves from the Class shall not be entitled to participate in the benefits of the Settlement Agreement.

**13. Objections and Appearances**

Any Class Member or their counsel hired at their own expense who complies with the requirements of this paragraph may object to any aspect of the proposed settlement.

a. Any Class Member who wishes to object to the final certification of the Class, the fairness, reasonableness or adequacy of the Settlement Agreement, the proposed settlement, the award of Attorney's Fees and Expenses, or any other term or terms of the Settlement Agreement must serve on Class Counsel and ANICO's counsel and file with the Court, no later than 30 days before the Fairness Hearing date, a Notice

of Intent to Object, as well as the specific reasons for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his or her objection , or be forever barred from so objecting. To object, a Class Member must send a letter saying that he or she objects to the Court Clerk, Class Counsel, and ANICO's counsel referencing this suit and including: (i) a written statement of each objection be made; (ii) a written, detailed description of the legal authorities underlying each such objection; (iii) a written, detailed description of the legal authorities underlying each such objection, (iv) a statement of whether the objector intends to appear at the Fairness Hearing, (v) a written list of witnesses whom the objector may call by live testimony, oral deposition testimony, or affidavit during the Fairness Hearing, a statement of the testimony to be offered, and (vi) a written list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of those exhibits. If the objector fails to comply with this procedure for making objections, any objection will be waived.

b. Any attorney hired by a Class Member, at the Class Member's expense, for the purpose of objecting to the final certification of the Class, the fairness, reasonableness or adequacy of the Settlement Agreement, the proposed settlement, the award of Attorneys' Fees and Expenses, or any other term or terms of the Settlement Agreement must serve on Class Counsel and ANICO's counsel and file with the Court a notice of appearance, no later than 30 days before the Fairness Hearing.

c. Any Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense who has filed a timely notice of

appearance, must serve on Class Counsel and ANICO's counsel and file with the Court, no later than 20 days before the Fairness Hearing, a notice of intention to appear at the Fairness Hearing.

d. Objector's Depositions. Any class member who timely files a Notice of Intent to Object under Paragraph 13(a), (b) and/or (c) shall submit to and make himself/herself available for a discovery deposition at the request of either Class Counsel and/or ANICO's counsel in Columbus, Georgia at a time and date at least ten (10) days prior to the Fairness Hearing.

e. Objector's Witnesses. The Court, within its discretion, may order the deposition prior to the Fairness Hearing of any witness identified by the Class Member who has timely filed an objection to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed settlement, or to the award of Attorney's Fees and Expenses.

f. Frivolous Objections. If any objection filed pursuant to this Paragraph is deemed frivolous, the Court reserves the right to award appropriate costs and fees to Class Counsel and/or Defendant's Counsel.

g. Non-compliance. Any Class Member who fails to comply with the orders of the Court, including the requirements set forth in this Paragraph, shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in this Action.

**14. Preliminary Injunction**

All proceedings in this Action and all Released Claims, as described in the Settlement Agreement, currently being asserted by or on behalf of any Settlement Class Member in any forum are stayed until final determination, except as may be necessary to implement the Settlement or comply with the terms of Settlement Agreement. Pending final determination of whether the Settlement should be approved, neither the Class Representative nor any Class Member and/or any person acting in his, her, or their behalf shall commence or prosecute any action or proceeding in any court or tribunal against ANICO asserting any claim for unearned premium refunds either on behalf of an individual or a putative class, except for those insureds who timely exclude themselves from this settlement in accordance with the opt out provisions of the Settlement Agreement. This stay and injunction are necessary to protect and effectuate the Settlement and preserve the Court's jurisdiction over the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. However, this stay and injunction shall not apply to that settlement being considered by ANICO and the Attorney General of the State of Texas of the case styled *State of Texas v. ANICO,* Cause No. D-1-GV-06-001363, District Court of Travis County, Texas, to the extent provided for and allowed by the terms of the Settlement Agreement. Furthermore, ANICO is enjoined from entering into any agreements settling claims made by or on behalf of any credit insurance policyholders for unearned premium refunds, except claims made individually by ANICO insureds within the ordinary course of ANICO's business (as that term is defined in the Settlement Agreement), and except as noted above with respect to the case styled State of Texas v. ANICO, Cause No. D-1-GV-06-001363, District Court of Travis County, Texas.

**15. Termination of Settlement**

This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the entry of this Preliminary Approval Order if: (i) the Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; (ii) the settlement is terminated in accordance with the Settlement Agreement; or (iii) the settlement does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, this Order, the settlement and Settlement Agreement shall become null and void and shall have no force or effect, and neither the Settlement Agreement nor the Court's orders, including this Preliminary Approval Order, shall be used or referred to for any purposes whatsoever.

**16. Communications with Class Members**

Neither the Parties nor any Class Member (including any attorney or other representative or agent of any Party or Class Member) shall issue any public, mass, or generalized communications about the Settlement (other than disclosures required by law) prior to the entry of the Final Non-appealable Judgment, whether by press release or any other means, without the prior written consent of the other Parties. In no event shall any public, mass, or generalized communications about the Settlement disparage, demean or criticize the Settlement, the Agreement, any of the Parties or any representative, attorney or agent of the Parties. Furthermore, in no event shall any public, mass, or generalized communications discuss or suggest the aggregate value of the Settlement or Agreement, including fees paid to Plaintiff's Counsel. However, ANICO may disclose the existence, terms and conditions of the Settlement

Agreement to any federal or state agencies, regulators, rating agencies, financial analysts or producers in the ordinary course of business or as required by any applicable law or regulation.

IT IS SO ORDERED, this 16th day of May, 2007.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE