IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| PAUL PERKINS, Individually and on Behalf of a Class of All Persons Similarly Situated, | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 3:05-CV-100 (CDL) |
| AMERICAN NATIONAL INSURANCE COMPANY, a Foreign Corporation, | § | |
| Defendant. | § | |

**ORDER AUTHORIZING METHODS OF DATA COLLECTION AND PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION**

Before the Court is an Agreed Motion Regarding Agent and Lender Disclosure Methods and for Protective Order, submitted jointly by Plaintiff representative Paul Perkins ("Plaintiff") and Defendant American National Insurance Company ("ANICO") (the "Parties"), asking the Court to enter an order (1) authorizing disclosure methods by Agents and Lenders and (2) protecting information produced by Agents, Lenders, ANICO or Plaintiff from disclosure for purposes not related to this lawsuit.

Class Counsel have given explicit consent and approval for ANICO to collect the information referenced herein, and have given explicit consent and approval for each Agent that sold ANICO's credit insurance products to proposed Class Members and to each Lender for each proposed Class Member to provide the information referenced herein to ANICO. The Court finds that "privacy" laws do not constrain and prevent ANICO, Dealers, and/or Lenders from providing the information which this Court has Ordered to be provided and which this Court has

Ordered Defendant to compile. *See* 15 U.S.C. §6802(e)(8); *Marks v. Global Mortgage Group, Inc.*, 218 FRD 492 (S.D.W.Va. 2003).

The Court finds that the parties to this case require information from numerous Agents and Lenders located throughout the United States. The Court finds that it is necessary to standardize the methods by which responding Agents and Lenders produce information and documents as part of the settlement process in this case. The Court further finds that the best practicable method of response and the one that is best designed to avoid imposing undue burden and expense on Agents and Lenders is that method set forth as "Method 1," below, which requires that Agents and Lenders to provide information via a website created by ANICO for data collection. The Court finds as a final matter that the Parties have agreed to the entry of a Protective Order to preserve: (1) the confidentiality of trade secrets and proprietary information and documents of ANICO; (2) proprietary and personal customer information of ANICO's Agents located throughout the United States; and (3) proprietary and personal and financial customer information maintained by Lenders located throughout the United States.

It is, therefore, ORDERED, ADJUDGED AND DECREED as follows:

## A. DEFINITIONS

1. The term "Agent" means ANICO's current or past producers (such as car dealerships, regardless of agency status), agents and their assigns;

2. The term "Lender" means any creditor of a class member which is a beneficiary of an ANICO credit or disability policy that was in effect at any time on or after October 7, 1999, including, but not limited to, any parent company, subsidiary or affiliate of such creditor;

## B. INSTRUCTION FOR METHODS OF PRODUCTION OF INFORMATION AND METHODS

The following methods shall be used in producing information and documents to ANICO:

**METHOD 1 ( AGENTS AND LENDERS):**

Within thirty (30) days of receiving a written information request or subpoena from ANICO, the Agent or Lender shall enter all requested information on the website created by ANICO for data collection. After providing the requested information, the Agent or Lender shall certify, by an entry on the website created by ANICO for data collection that the Agent or Lender has complied with the Party's requests for information.

**METHOD 2: (LENDERS ONLY)**

If the Lender is unable to comply with Method 1 due to technological limitations or if the collection process will be expedited in so doing, the Lender may electronically match its records to an indexed list of policies and policyholder information that will be provided to the Lender by ANICO. Within twenty (20) days of receiving the subpoena or written request, the Lender shall make its response (on compact disk, by email or by other agreed upon electronic data transfer method), in a usable electronic data file (Excel, Access, text delimited file, or other agreed upon file type) that contains ANICO's unique indexing system so that ANICO can transfer the data provided into the Settlement Database. After providing the requested information, the Lender shall certify, by an entry on the website created by

ANICO for data collection that the Lender has complied with the Party's requests for information.

**METHOD 3:**

If the Agent or Lender is unable to comply with the request through Methods 1 or 2 due to technological limitations, the Agent or Lender shall write or type responses to ANICO's information requests and return that information to ANICO within thirty (30) days of receiving the information request. The Agent or Lender after providing the requested information shall certify compliance to ANICO's counsel in writing.

**B. PROTECTIVE ORDER LIMITING DISCLOSURE**

This order governs the use and disclosure of information and documents provided by Agents and Lenders to the Parties, and by ANICO's disclosure of information to Agents and Lenders ("Confidential Information").

**1. Disclosure of Confidential Information**

Confidential Information shall be used only in connection with the litigation of this lawsuit and in the refunding of unearned premiums to ANICO insureds. Confidential Information will not be given to, seen or reviewed by any person or persons, except:

(a) Counsel of either Party and that counsel's staff;

(b) Employees of ANICO or Settlement Administrators who are required to provide assistance in the conduct of this lawsuit, including settlement discussions, and in the refund of unearned premiums to ANICO insureds;

(c) Employees and staff of an Agent or Lender who participate in providing customer or loan information to ANICO;

**2. Non-Effect on Parties Own Information**

This Order has no effect upon a Party's use of its own information that might be considered Confidential Information for any purpose.

Signed this 17th day of March, 2008.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

**AGREED:**

*/s/James E. Butler, Jr.*
James E. Butler, Jr.
**ATTORNEY FOR PLAINTIFF AS REPRESENTATIVE OF THE CLASS**

*/s/Andrew J. Mytelka*
Andrew J. Mytelka, Pro Hac Vice
**ATTORNEY FOR DEFENDANT, AMERICAN NATIONAL INSURANCE COMPANY**