UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMERICAN NATIONAL
INSURANCE COMPANY,

Plaintiff,

v.

RBS CITIZENS, N.A. and CITIZENS
AUTOMOBILE FINANCE, INC.,

Defendants.

C.A. No.: 1:08-MC-00070-S-LDA

**(In re: Subpoenas issued to RBS Citizens, NA, Citizens Auto Finance-Rhode Island, Citizens Auto Finance-Sacramento, Great Bank, and Charter One Auto Finance in C.A. No. 3:05-CV-100-CDL, now pending in U.S. District Court for the Middle District of Georgia)**

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND IN SUPPORT OF CROSS-MOTION TO QUASH SUBPOENAS ISSUED TO DEFENDANTS**

Defendants RBS Citizens, N.A. and Citizens Automobile Finance, Inc. submit this memorandum of law in support of their Cross-Motion to Quash and in opposition to American National Insurance Company's Motion to Compel compliance with five subpoenas served in connection with litigation presently pending in the U.S. District Court for the Middle District of Georgia. The subpoenas are facially invalid and/or unenforceable under Rule 45 of the Federal Rules of Civil Procedure. Additionally, the subpoenas should not be enforced as written because they are unreasonable and oppressive and require significant expense.

## FACTS AND BACKGROUND

At issue in this matter are five records keeper subpoenas served by Plaintiff's counsel upon RBS Citizens, NA, Citizens Auto Finance, Citizens Auto Finance, Great Bank, and Charter One Auto Finance Corporation ("the Citizens entities")[1] in connection with a class action litigation currently pending in the United States District Court for the Middle District of Georgia.[2] It is understood that the plaintiffs in that litigation allege that American National Insurance Company ("American National") failed to refund unearned premiums on policies in effect from October 1999 to May 2007.[3] The Citizens entities are not parties to that suit.

The first subpoena was issued by the United States District Court for the District of Rhode Island, "Providence Division," to the Records Custodian of RBS Citizens, NA of Providence, Rhode Island. The subpoena commanded production of materials specified therein at Greer, Herz, Adams LLP, 3030 Invincible Circle, League City, Texas, on April 20, 2008.

The second subpoena was issued by the United States District Court for the District of Rhode Island, "Providence Division," to the Records Custodian of Citizens Auto Finance of Riverside, Rhode Island. The subpoena commanded production of materials specified therein at Greer, Herz, Adams LLP, 3030 Invincible Circle, League City, Texas, on April 14, 2008.

---

[1] Although Plaintiff served separate subpoenas on each of the Citizens entities, the Defendants herein, RBS Citizens, N.A. and Citizens Automobile Finance, Inc., would be responsible for managing the joint response to the subpoenas.

[2] The litigation is captioned as: *Perkins v. American National Insurance Company*, C.A. No. 3:05-CV-100-CDE.

[3] Plaintiffs allege that the subpoenas seek information from the Citizens entities for the purpose of identifying potential class members to whom settlement funds may be due. Specifically, the subpoenas seek information with respect to approximately 7,400 policyholders who secured financing through the Citizens entities for insurance policies issued by American National Insurance Company in order to determine whether those policies were terminated early.

The third subpoena was issued by the United States District Court for the District of Massachusetts, "Boston Division," to the Records Custodian of Citizens Auto Finance of Medford, Massachusetts. The subpoena commands production of materials specified therein at Greer, Herz, Adams LLP, 3030 Invincible Circle, League City, Texas, on April 14, 2008.

The fourth subpoena was issued by the United States District Court for the Northern District of Illinois, "Western Division," to the Records Custodian of Great Bank of Algonquin, Illinois. The subpoena commanded production of materials specified therein at Greer, Herz, Adams LLP, 3030 Invincible Circle, League City, Texas, on April 14, 2008.

The fifth subpoena was issued by the United States District Court of Western District of New York, "Rochester Division," to the Records Custodian for Charter One Auto Finance Corporation of Albany, New York. The subpoena commanded production of materials specified therein at 228 E. Main Street, Suite 300, Rochester, New York, on June 15, 2008.

The designated "Issuing Officer" for each Subpoena is Eric Kirkpatrick, counsel for American National. Attorney Kirkpatrick's firm address is in Galveston, Texas. Though each of the subpoenas commands the records custodian to produce and permit inspection of the materials specified, the subpoenas do not command personal appearance for the taking of a deposition or for trial.

## ARGUMENT

### I. THE SUBPOENAS ARE FACIALLY INVALID AND UNENFORCABLE

This Court should deny the Plaintiff's Motion to Compel and quash the subject subpoenas because they are invalid and unenforceable for two reasons: (1) the subpoenas either violate the express language of Rule 45 of the Federal Rules of Civil Procedure by commanding

production outside the 100 mile limit that defines this court's jurisdiction, or (2) the subpoenas are issued from courts outside this district and must be enforced by those courts.

Rule 45 of the Federal Rules of Civil Procedure is crystal clear with respect to the requirements for the issuance of a valid subpoena. Under subsection (a)(2)(C), a subpoena seeking production or inspection, if separate from a subpoena commanding a person's attendance, must issue "from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). A subpoena issued from a district other than that in which production and inspection are to be made is invalid on its face. *Echostar Communications Corp. v. News Corp.*, 180 F.R.D. 391, 397 (D. Colo. 1998); *James v. Booz-Allen & Hamilton*, 206 F.R.D. 15, 19 (D.C. 2002); *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584 (W.D.N.Y. 1995). *See also*, *Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 87 (E.D.Pa. 1994) (recognizing that subpoena must issue from district in which production is sought and concluding that it is the responsibility of the attorney who signs the subpoena to designate the court from which the subpoena issues.).

Of the five subpoenas at issue, only two issued from and potentially are enforceable by this Court. Both of these subpoenas, however, command production of the requested documents and materials in Texas, which is obviously not in this district. Accordingly, neither of the subpoenas issued from the District Court for the District of Rhode Island is valid and enforceable. This Court therefore must deny and dismiss American National's Motion to Compel, and grant Defendants' Motion to Quash, with respect to those defective subpoenas.

The District Court for the District of Rhode Island does not have jurisdiction to enforce the remaining three subpoenas because they were issued by other federal district courts. The court issuing a subpoena is the only court that has jurisdiction to enforce the subpoena, limit

examination or production or otherwise modify the subpoena's requirements. *In re Digital Equipment Corporation*, 949 F.2d 228, 231 (8th Cir. 1991); *Productos Mistolin, S.A. v. Mosquera*, 141 F.R.D. 226, 229 (D. Puerto Rico 1992) ("the court is whose name the subpoena is issued is responsible for its enforcement"); *see also* Steven A Lessne, *Adhere to the Federal Rules of Civil Procedure*, 36573 NBI-CLA 30, 41 (2007). Federal courts generally lack jurisdiction to enforce subpoenas issued from other districts. *Id.*

The subpoenas served upon the Records Custodians for Citizens Auto Finance of Medford, Massachusetts, Great Bank of Algonquin, Illinois, and Charter One Auto Finance Corporation of Albany, New York were issued by District Courts of Massachusetts, Illinois, and New York, respectively. As these subpoenas were not issued by the District Court for the District of Rhode Island, this court lacks jurisdiction to enforce them. Accordingly, this Court should dismiss American National's Motion to Compel insofar as it relates those subpoenas not issued by the District Court for the District of Rhode Island.

## II. THE SUBPOENAS ARE OPPRESSIVE, UNDULY BURDENSOME, AND REQUIRE EXPENDITURE OF SIGNIFCANT FUNDS

Even if the subpoenas at issue in this matter were valid and enforceable by this Court, the subpoenas should be quashed or modified because they impose an undue burden and expense upon the non-party Citizens entities in a manner which violates Rule 45 of the Federal Rules of Civil Procedure. Rule 45(c)(1) provides that "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Rule 45(c)(3)(iv) adds that on timely motion, the issuing court must quash a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(iv). Among the factors to be considered in determining whether there is an

undue burden are relevance, the need for the materials sought, the breadth of the request, the time period covered by it, the particularity with which the documents are described, and the burden imposed. *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998). In addition, the status of witness as a nonparty to the underlying litigation entitles that party to consideration regarding expense and inconvenience imposed by a subpoena. *Id.*

The subpoenas collectively request that the Citizens entities produce information regarding policies issued to approximately 7,400 individual policyholders in connection with policies issued as far back as the mid-1990s. The Affidavit of Devere Carney, a Senior Vice President of Consumer Systems for Citizens Financial Group, illustrates and confirms the significant burden imposed upon the Citizens entities by the breadth of the Plaintiff's subpoenas and the significant resources which will be required in order to produce the information requested in those subpoenas. *See Exhibit A, Affidavit of Devere Carney ("Carney Aff.").*

Data responsive to the subpoenas currently is available through Citizen's mainframe computer loan servicing system. Carney Aff., ¶ 2. Presently, however, only the consumer loan servicing system records for consumer accounts closed after December 1, 2006 are available on the "live" production files. Carney Aff., ¶ 4. Citizens purges the "live" production files annually. Carney Aff., ¶ 4.

Once purged, consumer loan servicing system records are stored in year-end backup tapes. Carney Aff., ¶ 5. These year-end backup tapes are created on an IBM mainframe and stored and maintained by Iron Mountain digital storage service in Southborough, Massachusetts. Carney Aff., ¶ 5. Therefore, all consumer loan information for accounts closed prior to December 1, 2006 is contained in the year-end backup tapes. Carney Aff., ¶ 4. Moreover,

pursuant to Citizens' document and file management policies, all year-end backup tapes for consumer accounts closed prior to December 1, 2000 have been destroyed. Carney Aff., ¶ 6. Mr. Carney anticipates that given the dates provided in the subpoenas, a significant majority, if not all, of the information sought in the Plaintiff's subpoenas will be contained in the year-end backup tapes as opposed to the "live" production files. Carney Aff., ¶ 8.

The manner in which the consumer account information is stored, coupled with the limited consumer information provided in the subpoenas, imposes a significant burden upon Citizens to find, sort, and produce the information sought by American National Insurance Company. Mr. Carney anticipates that because of the limited consumer information provided in the subpoenas, special computer programming will be needed to devise and create a search mechanism to sort through both the "live" production files and the year-end backup tapes for the information requested. Carney Aff., ¶ 9. A review of the live production files and production of the consumer account information responsive to the subpoenas stored within those "live" production files in the manner requested by the subpoenas will require the services of a computer programmer and systems business analyst for forty (40) hours each. Carney Aff., ¶ 10. Likewise, in order to fully examine and review the year-end backup tapes and produce the consumer account information contained therein in the manner requested by the subpoenas, the Citizens entities will be required to devote the services of a computer programmer and a systems business analyst for a minimum of one hundred sixty (160) hours each, or half of their total work time for two months. Carney Aff., ¶ 11.

The prevailing weekly wage rates for a computer programmer and systems business analyst with the requisite skill and experience to perform the requisite examination of the "live" production files and the year-end backup tapes are five thousand ($5,000) dollars and three

thousand five hundred ($3,500) dollars, respectively. Carney Aff., ¶ 12, 13. Therefore, it will cost Citizens approximately eight thousand five hundred ($8,500) dollars to locate and produce information contained in the "live" production file which is responsive to the subpoenas. Carney Aff., ¶ 14. It will cost Citizens at least thirty four thousand ($34,000) dollars to locate and produce information contained in the year-end backup tapes which is responsive to the subpoenas. Carney Aff., ¶ 15.

Furthermore, compliance with the subpoenas served by American National Insurance Company addressed to Great Bank and Charter One Auto Finance Corporation ("Charter One") poses additional hurdles and potentially will require significant further expense. Citizens acquired Great Bank and Charter One and converted the "live" files of those banks into Citizens' ALS system, maintaining those materials thereafter in accordance with Citizens' established policies and procedures. Carney Aff., ¶ 16. Citizens did not, however, convert historic account information with respect to those institutions. Carney Aff., ¶ 17. Accordingly, retrieval of such historic consumer loan information poses unknown challenges and burdens for Citizens.

Plaintiff's subpoenas clearly impose a significant burden and expense upon the Citizens entities. This burden and expense is particularly unwarranted because the Citizens entities are not parties to the litigation underlying this matter. Forcing a third party to devote such significant resources – even to write a computer program – in order to comply with a subpoena is completely unjustified. Consequently, the Citizens entities request that this Court enter an order quashing the Plaintiff's subpoenas. Alternatively, the Citizens entities request that the Court enter an order ensuring that the Citizens entities be reasonably compensated by the Plaintiff for the efforts, resources, and expenses devoted to fully and adequately respond to the subpoenas.

## CONCLUSION

Defendants RBS Citizens, N.A. and Citizens Automobile Finance, Inc. respectfully request that this Court deny American National Insurance Company's Motion to Compel. Defendants request that the Court quash or modify the subpoenas served upon Records Custodians of RBS Citizens, NA, Citizens Auto Finance, Citizens Auto Finance, Charter One Auto Finance Corporation, and Great Bank.

Dated: Providence, Rhode Island
August 19, 2008

Defendants,

RBS CITIZENS, N.A., and
CITIZENS AUTOMOBILE FINANCE, INC.
By their Attorneys,

*<u>/s/ Geoffrey W. Millsom</u>*
Geoffrey W. Millsom, Esq. #6483
Nicholas R. Mancini, Esq. #7100
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 351-4607
gmillsom@apslaw.com
nmancini@apslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing *Memorandum in Opposition to Plaintiff's Motion to Compel and in Support of Motion to Quash Subpoenas Issued to Defendants* through the ECF system on the 19th day of August, 2008, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 08-MC-00070-S-LDA.

*<u>/s/ Geoffrey W. Millsom</u>*

*464479_1*