# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMERICAN NATIONAL INSURANCE COMPANY,

Plaintiff,

v.

RBS CITIZENS, N.A. and CITIZENS AUTOMOBILE FINANCE, INC.,

Defendants.

C.A. No.: 1:08-MC-00070-S-LDA

**(In re: Subpoenas issued to RBS Citizens, NA, Citizens Auto Finance-Rhode Island, Citizens Auto Finance-Sacramento, Great Bank, and Charter One Auto Finance in C.A. No. 3:05-CV-100-CDL, now pending in U.S. District Court for the Middle District of Georgia)**

**AFFIDAVIT OF DEVERE V. CARNEY**

I, Devere V. Carney, hereby depose and state upon personal knowledge the following:

1. I am the Senior Vice President of Consumer Loan Servicing Systems Department of RBS Citizens, N.A. ("Citizens"), a division of Citizens Financial Group. The Consumer Loan Servicing Systems Department is responsible for the software handling, processing, and accounting of indirect automobile loans issued by Citizens. I have professional knowledge and understanding of the Consumer Loan Servicing System's computer records file management policies and practices.

2. Citizens maintains consumer loan servicing system records and account information in electronic files which are supported on a mainframe computer system called the "Advanced Loan System," also known as "ALS."

3. The information presently maintained on ALS is accessible and can be produced in response to the subpoena.

4. Presently, however, only the consumer loan servicing system records for consumer accounts closed after December 1, 2006 are maintained in "live" production files on ALS, because Citizens purges ALS of closed file information on an annual basis pursuant to Citizens' document and file management policies. All consumer loan servicing system records for consumer accounts closed prior to December 1, 2007 are scheduled to be purged from live production files on September 2, 2008.

5. On an annual basis, Citizens creates year-end backup tapes to capture the consumer loan servicing system records which are purged from the system. The year-end backup tapes are created on an IBM mainframe and stored and maintained by Iron Mountain digital storage service in Southborough, Massachusetts, for a period seven years. All existing year-end backup tapes are available for recall upon request to Iron Mountain.

6. Pursuant to Citizens' document and file management policies, all year-end backup tapes which contained consumer loan servicing system records for consumer accounts closed prior to December 1, 2000 have been destroyed.

7. I have reviewed and analyzed the subpoenas served by American National Insurance Company upon RBS Citizens, NA, Citizens Auto Finance of Riverside, Rhode Island, and Citizens Auto Finance of Medford, Massachusetts (the "Citizens Subpoenas") to assess (1) the current status and location of the consumer loan servicing system records responsive to the subpoena; (2) the time, resources, and personnel necessary to review and analyze the consumer loan servicing system records for the information requested in the subpoenas; and (3) the time, resources, and personnel necessary to produce materials in compliance with the subpoenas.

8. Based upon my review and analysis of the Citizens subpoenas and my familiarity and knowledge of the manner in which the consumer loan servicing system records are stored, cataloged, organized, and/or maintained, I have concluded that Citizens must search, review, and analyze both "live" ALS files and year-end backup tapes. Moreover, I anticipate that very little, if any, consumer account information sought in said subpoenas will be contained in the live production files. I believe that most, if not all, of the responsive consumer account information will be contained in the year-end backup tapes.

9. Due to the limited consumer information provided in the subpoenas, Citizens will be required to create a computer program to search both the "live" ALS records and the back-up tapes.

10. In order to review the "live" ALS files and locate responsive information, Citizens will be required to both assign a Citizens systems business analyst to the task and to engage a computer programmer from the vendor that supports ALS to assist. I estimate that it will take these persons approximately 40 hours each to perform the required work.

11. In order to review the ALS year-end backup tapes and locate responsive information, Citizens will be required to both assign a Citizens systems business analyst to the task and to engage a computer programmer from the vendor that supports ALS to assist. I estimate that it will take these persons approximately 160 hours (or half of their total work time for two months) to perform the required work.

12. I understand that the prevailing wage for a computer programmer with sufficient experience and expertise to perform the necessary review and analysis of the consumer loan servicing system records is five thousand ($5,000) dollars per week.

13. I understand that the prevailing wage for a systems business analyst employed with sufficient experience and expertise to perform the necessary review and analysis of the consumer loan servicing system records is three thousand five hundred ($3,500) dollars per week.

14. Based on my estimation of the time required and the prevailing wages of the people required to perform the work necessary to respond to the subpoena, I believe that it will cost Citizens at least eight thousand five hundred ($8,500) dollars to locate and produce all information contained in the "live" production file which is responsive to the Citizens subpoenas.

15. Based on my estimation of the time required and the prevailing wages of the people required to perform the work necessary to respond to the subpoena, I believe that it will cost Citizens at least thirty four thousand ($34,000) dollars to locate and produce all information contained in the year-end backup tapes which is responsive to the Citizens subpoenas.

16. I have been provided two additional subpoenas served by American National Insurance Company addressed to Great Bank and Charter One Auto Finance Corporation. These are institutions that Citizens acquired. At or about the time of acquisition all relevant "live" files of these companies would have been converted into Citizens' ALS system and maintained thereafter in accordance with Citizens established document management systems.

17. Historic account information from Great Bank and Charter One Auto Finance Corporation would not have been converted.

I swear under the penalty of perjury that the foregoing is true and correct.

DeVere V. Carney

DEVERE V. CARNEY

Sworn to before me this 19th day of August, 2008

Joan M. Clarke

Notary Public JOAN M. CLARKE
NOTARY PUBLIC

464766_1 My commission expires 7-21-09