UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMERICAN NATIONAL INSURANCE COMPANY :
:
v. : M.C. No. 08-70S
:
RBS CITIZENS, N.A. and CITIZENS AUTOMOBILE FINANCE, INC. :

**MEMORANDUM AND ORDER**

American National Insurance Company ("ANICO") commenced this miscellaneous action pursuant to Fed. R. Civ. P. 45 to compel compliance with document subpoenas served on RBS Citizens, N.A. and Citizens Automobile Finance, Inc. (collectively "RBS"). ANICO represents that the subpoenas seek information needed to provide notice to potential class members in advance of a December 3, 2008 class fairness hearing in the Middle District of Georgia. See Perkins v. Am. Nat'l Ins. Co., C.A. No. 3:05-CV-100 (CDL) (M.D. Georgia). ANICO is in the business of issuing credit life and credit disability insurance policies. The policy premiums are paid up-front by the borrower and cover the term of the loan. The class action seeks a refund of unearned premium payments to policyholders whose loans were extinguished prior to their scheduled termination date, i.e., they paid off their loans early.

ANICO moves for immediate enforcement of the subpoenas and represents that it will "reimburse RBS for the reasonable costs associated with production." RBS counters with a cross-motion to quash arguing that the subpoenas are facially invalid. RBS also argues that ANICO's Motion to Compel should be denied because the requests are "unreasonable and oppressive and require significant expense."

ANICO seeks to enforce five subpoenas in this action. However, only two were purportedly issued by this Court – one to RBS Citizens, N.A. dated March 20, 2008 and one to Citizens Auto Finance–Rhode Island dated March 14, 2008. The other three were not issued by this District – one was issued by the District of Massachusetts, one by the Western District of New York and one by the Northern District of Illinois. RBS correctly argues that, as a technical matter, this Court does not have jurisdiction over these three subpoenas since Rhode Island is not the issuing District and the underlying litigation is not pending here. See Productos Mistolin, S.A. v. Mosquera, 141 F.R.D. 226, 229 (D.P.R. 1992) ("the court in whose name the subpoena is issued is responsible for its enforcement").

The mere fact that one of RBS' in-house lawyers located in Rhode Island may have communicated with ANICO's lawyers in an effort to coordinate a response to all five subpoenas does not vest this Court with jurisdiction over subpoenas issued by other Districts. Thus, the subpoenas issued by other Districts directed at Great Bank, Charter One Auto Finance and Citizens Auto Finance–Sacramento are not properly before this Court.

RBS also argues that the remaining two subpoenas are defective because they command production in Texas. Under Fed. R. Civ. P. 45(a)(2)(C), a subpoena for production or inspection, if separate from a subpoena commanding a person's attendance, "must issue...from the court for the district where the production or inspection is to be made." Both subpoenas command production at the offices of ANICO's attorney in League City, Texas. However, the face of the subpoena also references an exhibit and attachments which contain detailed instructions for compliance. The subpoenas do not actually request the production of documents. Rather, they ask RBS to search its records and provide certain pieces of information (primarily relating to loan status, termination date,

reason for early termination and personal data regarding the borrower – Social Security Number, date of birth and most current address). RBS is given three alternative methods of response: (1) input directly to ANICO's data collection website; (2) electronic matching of records and then providing the results to ANICO by CD, email or other agreed electronic data transfer method; or (3) a manual (written or typed) response which is delivered to ANICO. Since ANICO and its attorney are located in Texas, RBS is being asked, regardless of the method selected, to produce information in Texas. Since the subpoenas on their face "command" production at a date and time certain in Texas, they technically violate Rule 45(a)(2)(C)'s requirement that subpoenas "must issue" from the District where production is to be made. Thus, they are invalid on their face. See James v. Booz-Allen & Hamilton, Inc., 206 F.R.D. 15, 19 (D.D.C. 2002).

Accordingly, for the foregoing reasons, RBS' Cross-motion to Quash is GRANTED and ANICO's Motion to Compel is DENIED. However, as RBS knows, these are technical deficiencies which can be easily rectified by ANICO. In addition, the information ANICO seeks is needed to determine the amount, if any, of credit insurance premiums which should be refunded to RBS loan customers. Accordingly, RBS has at least a moral obligation at this point to make every effort to cooperate with ANICO in gathering and producing the requested information (a request which was qualified by ANICO's offer to compensate RBS for the "reasonable costs" associated with production). Finally, any privacy concerns raised by RBS appear to be allayed by the data collection Orders issued by District Judge Land in the underlying class action litigation. See Document No. 1, Exs. 2 and 3.

For the foregoing reasons, ANICO's Motion to Compel (Document No. 1) is DENIED and RBS' Cross-Motion to Quash (Document No. 5) is GRANTED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 21, 2008